*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 21, 2016          521278
_____

In the Matter of the Claim of
   PAUL POUPORE,
                 Appellant,

      v

CLINTON COUNTY HIGHWAY               MEMORANDUM AND ORDER
   DEPARTMENT et al.,
                 Respondents.

WORKERS' COMPENSATION BOARD,
                 Respondent.
_____

Calendar Date: February 11, 2016

Before: Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

      Niles & Bracey, PLLC, Plattsburgh (John M. Crotty of counsel), for appellant.

      Stafford, Owens, Piller, Murnane, Kelleher & Trombley, PLLC, Plattsburgh (Thomas M. Murnane of counsel), for Clinton County Highway Department and another, respondents.

_____

Lynch, J.

      Appeal from a decision of the Workers' Compensation Board, filed October 24, 2014, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving wage replacement benefits.

      Claimant was injured in 2002 while operating power equipment on a roadside when the road bank gave way and he fell. He has an established claim for work-related injuries to his left

ankle and leg, pelvis and lumbar back, and was classified in 2005 as permanently partially disabled. In the years that followed, he saw numerous treating physicians, continued to use prescribed narcotic pain medications and received workers' compensation wage replacement benefits. In 2012, the employer alleged that claimant had violated Workers' Compensation Law § 114-a based upon, among other evidence, video surveillance of claimant on several days in March 2012 by an investigator hired by the employer. The video depicts claimant engaged in activities that the employer argued are inconsistent with, among other things, representations he made to Marco Berard, the orthopedic surgeon retained by the employer who conducted an independent medical examination (hereinafter IME) of claimant on April 27, 2012. Following a hearing at which Berard and the surveillance investigator testified,[1] a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant had violated Workers' Compensation Law § 114-a by, among other things, fraudulently representing his medical condition to medical providers, and imposed penalties. Upon review, the Workers' Compensation Board modified, agreeing that claimant had made willful misrepresentations during the IME in violation of Workers' Compensation Law § 114-a, imposed a penalty equal to the wage replacement benefits paid to claimant from April 27, 2012 until September 14, 2012[2] and permanently disqualified him from receiving such benefits thereafter.[3] Claimant now appeals.

---

[1] Claimant's testimony was precluded by decision of the WCLJ and he did not testify at the hearings.

[2] The WCLJ had suspended benefit payments to claimant as of September 14, 2012.

[3] The Board modified to the extent of determining that there was insufficient evidence to support the WCLJ's finding that claimant had engaged in fraudulent misrepresentations in order to obtain narcotic medications and the WCLJ's order that "[n]o further narcotic pain medications are authorized." The Board ruled that claimant "remains entitled to further causally related medical care for his established injuries."

We affirm. Claimant argues that the record does not contain substantial evidence to support the Board's finding with regard to Workers' Compensation Law § 114-a, and that the penalty constitutes an abuse of discretion. Pursuant to Workers' Compensation Law § 114-a (1), a claimant may be disqualified from receiving workers' compensation benefits "[i]f for the purpose of obtaining compensation . . . or for the purpose of influencing any determination regarding any such payment, [he or she] knowingly makes a false statement or representation as to a material fact." A fact is "material" if it is "significant or essential to the issue or matter at hand," and it need not be demonstrated here that claimant received compensation to which he was not otherwise entitled or that he did not sustain a compensable injury (Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003] [internal quotation marks and citations omitted]; see Matter of Bowes v Gulinello's Town & Country, 3 AD3d 805, 806 [2004]). Here, the Board's factual finding that claimant willfully misrepresented his activity capacity and actual disability status during the IME will not be disturbed as it is supported by substantial evidence, including Berard's testimony and IME report and addenda and the surveillance evidence (see Matter of Dacey v Sweeteners Plus, Inc., 129 AD3d 1405, 1406 [2015]; Matter of Denman v Cobbler's Rest., 106 AD3d 1289, 1290 [2013]).

As relevant here, the record reflects that claimant represented to Berard that he "cannot do anything more than sedentary activity" and then only with the use of significant amounts of narcotic pain medication, that he was "living a sedentary lifestyle" and "cannot be involved in any activities" that go beyond such limited activities, as "any activity" that requires "physical demand" or "sit[ting] or stand[ing] for prolonged periods" increases his pain. Claimant also represented that he "needs help for all of his activities of daily living," all of which caused Berard to opine that he was totally disabled from being able to perform any gainful employment. After reviewing the investigator's reports summarizing the surveillance observations of claimant's activities in March 2012, Berard concluded that, due to the discrepancy between what claimant reported to him and what was observed during surveillance, his medical opinion regarding claimant's degree of disability and

capabilities was no longer valid and that he could not offer any opinion regarding his level of disability or ability to work. The videos show claimant[4] engaged in various activities that are incompatible with his representations of his physical disability, such as pumping gas, eating lunch out with his wife, sitting in a car, and both entering his truck and mounting and dismounting a motorcycle "with relative ease," as summarized in the investigator's reports and testimony. Claimant was seen walking, squatting down and riding without difficulty and exhibited no signs of pain or impairment even as he put all of his weight on his left ankle while mounting the motorcycle; he rode in a forward leaning position for 35 minutes at a time through country roads and in city traffic, which entailed sharp turns and stops at traffic lights, during which he supported the motorcycle with his legs. This evidence amply supported the Board's finding that claimant's statements to Berard, which exaggerated or misrepresented his symptoms and physical limitations, concerned material facts and constituted willful representations of his actual disability status, resulting in Berard's submission of a report opining that he had a "total disability," in violation of Workers' Compensation Law § 114-a (see Matter of Hershewsky v Community Gen. Hosp., 125 AD3d 1068, 1068-1069 [2015]; see also Matter of Gramza v Buffalo Bd. of Educ., 125 AD3d 1074, 1075-1076 [2015]; Matter of Michaels v Towne Ford, 9 AD3d 733, 734 [2004]).

Finally, given the Board's conclusion that claimant's misrepresentations were "serious and egregious," a finding supported by the surveillance evidence, we cannot conclude that the discretionary sanction of permanent disqualification from future wage replacement benefits is disproportionate to claimant's material misrepresentations (see Matter of Losurdo v Asbestos Free, 1 NY3d at 267; Matter of Hammes v Sunrise Psychiatric Clinic, Inc., 66 AD3d 1252, 1253 [2009]). Claimant's remaining arguments have been examined and found to be without merit.

Garry, J.P., Egan Jr, Devine and Clark, JJ., concur.

---

[4] Claimant conceded that he was depicted in the video.

ORDERED that the decision is affirmed, without costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court