State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  October 6, 2016                    522272
_____

In the Matter of the Claim of
    MIA HOWARD,
                        Appellant,

        v

FACILITIES MAINTENANCE                    MEMORANDUM AND ORDER
    CORPORATION et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____


Calendar Date:   September 15, 2016

Before:  Peters, P.J., Egan Jr., Lynch, Rose and Aarons, JJ.


                        _____


        Law Office of Ernest L. Harris, LLP, Newburgh (Ernest L.
Harris of counsel), for appellant.

        Stockton Barker & Mead, LLP, Troy (John B. Paniccia of
counsel), for Facilities Maintenance Corporation and another,
respondents.


                        _____


Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board,
filed April 27, 2015, which ruled that claimant violated Workers'
Compensation Law § 114-a and disqualified her from receiving
further workers' compensation benefits.

        In April 2013, claimant suffered work-related injuries to
her back and neck in a motor vehicle accident and was awarded
workers' compensation benefits.  In May 2014, the employer's

workers' compensation carrier raised the issue of whether claimant had violated Workers' Compensation Law § 114-a. Following a hearing, which included reports from investigators who conducted video surveillance of claimant, a Workers' Compensation Law Judge found that claimant had violated Workers' Compensation Law § 114-a and imposed the mandatory forfeiture penalty and disqualified her from receiving future benefit payments. The Workers' Compensation Board modified this decision by setting the period for the mandatory penalty of forfeiture of benefits to between December 2013 to October 2014 and otherwise affirmed. Claimant now appeals.

We affirm. Pursuant to Workers' Compensation Law § 114-a, a claimant who "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." Further, the Board's determination as to whether a claimant violated the provision will not be disturbed if supported by substantial evidence (see Matter of Dacey v Sweeteners Plus, Inc., 129 AD3d 1405, 1406 [2015]; Matter of Denman v Cobbler's Rest., 106 AD3d 1289, 1290 [2013]).

The record reflects that, between October 2013 and April 2014, claimant represented to both her treating physicians and the carrier's medical expert that, due to her injuries, her mobility was limited in that she was homebound, had difficulty walking and spent most of her time in bed. Claimant complained of a sensitivity to light and noise and stated that she kept the lights off most of the time; she also complained of pain in her back and neck, and the physicians observed that claimant walked with a slow, awkward gait. The reports prepared by the investigators, based upon video surveillance of claimant during the time period between November 2013 and March 2014, reflect that claimant was observed driving her car, walking normally, going to stores and restaurants and carrying shopping bags. Although claimant testified that she accurately described her physical condition to the physicians, this created a credibility issue for the Board to resolve (see Matter of Hershewsky v Community Gen. Hosp., 125 AD3d 1068, 1068-1069 [2015]; Matter of Church v Arrow Elec., Inc., 69 AD3d 983, 985 [2010]). In our

view, the Board's decision that claimant violated Workers' Compensation Law § 114-a is supported by substantial evidence and will not be disturbed. Moreover, in light of the foregoing and given the Board's explanation that the disqualification from receiving future benefits was due to claimant's "egregious and intentional misrepresentations" concerning her condition, we cannot say that the penalty was disproportionate to her conduct (see Matter of Poupore v Clinton County Hwy. Dept., 138 AD3d 1321, 1324 [2016]; Matter of Hammes v Sunrise Psychiatric Clinic, Inc., 66 AD3d 1252, 1253 [2009]).

Peters, P.J., Lynch, Rose and Aarons, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court