Matter of Santangelo v Seaford U.F.S.D. (2018 NY Slip Op 06838)





Matter of Santangelo v Seaford U.F.S.D.


2018 NY Slip Op 06838


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

525534

[*1]In the Matter of LAWRENCE SANTANGELO, Appellant,
v
SEAFORD U.F.S.D. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: September 10, 2018

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ.


John F. Clennan, Ronkonkoma, for appellant.
Davis & Venturini, Hicksville (Christine M. Morehouse of counsel), for Seaford U.F.S.D. and another, respondents.



MEMORANDUM AND ORDER
Mulvey, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed June 6, 2017, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future wage replacement benefits, and (2) from a decision of said Board, filed August 25, 2017, which denied claimant's request for reconsideration and/or full Board review.
In 2007, claimant sustained a work-related injury to his back and right leg while lifting heavy timber. Following a 2009 lumbar fusion surgery, claimant continued to complain of chronic back pain radiating into his left hip and thigh and reported that he experienced numbness and weakness in his left leg, which necessitated that he walk with the use of a cane or knee brace. Ultimately, in November 2014, claimant was classified by the Workers' Compensation Board with a permanent total disability.
In June 2016, the employer's workers' compensation carrier reopened the case, raising the issue of whether claimant violated Workers' Compensation Law § 114-a. After reviewing surveillance video and hearing testimony, a Workers' Compensation Law Judge ruled, among other things, that claimant had violated Workers' Compensation Law § 114-a and disqualified him from receiving future benefit payments. The Board, among other things, affirmed that [*2]decision and denied claimant's subsequent request for full Board review and/or reconsideration. Claimant appeals from both decisions.[FN1]
We affirm. Workers' Compensation Law § 114-a (1) provides that a claimant who "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." A determination by the Board as to whether a claimant violated Workers' Compensation Law § 114-a will not be disturbed if supported by substantial evidence (see Matter of Howard v Facilities Maintenance Corp., 143 AD3d 1032, 1033 [2016]; Matter of Hershewsky v Community Gen. Hosp., 125 AD3d 1068, 1068 [2015]).
Claimant's medical records note that he presented to his treating physician and the carrier's medical expert that he was in constant pain, required use of a cane or knee brace on a daily basis and was severely impacted in his ability to stand and walk — at times grabbing the wall for stability. Reports prepared by an investigator, based upon surveillance videos of claimant between August 2015 and March 2016, reflect that claimant was observed walking without a limp, standing and driving for extended periods of time, bending over to do repair work under the hood of a vehicle, and lifting items, such as a car battery, a floor jack and an automobile tire, from the bed of his truck. The only time during the surveillance period that claimant was observed using a cane or knee brace was during a medical appointment; however, later that same day, claimant was observed walking normally without any assistive device. The carrier's medical expert, who had twice examined claimant, testified that claimant's unrestricted movements and activities depicted on the surveillance videos were inconsistent with the complaints of pain and reported limitations expressed by claimant during the examinations.
In view of the foregoing, the Board's decision finding that claimant made false representations regarding material facts is supported by substantial evidence and will not be disturbed (see Matter of Howard v Facilities Maintenance Corp., 143 AD3d at 1033; Matter of Poupore v Clinton County Hwy. Dept., 138 AD3d 1321, 1323 [2016]; Matter Hershewsky v Community Gen. Hosp., 125 AD3d at 1068-1069). To the extent that claimant asserts that the Board's decision is inconsistent with its 2009 decision addressing his request for back surgery, we note that the 2009 decision was superseded by a 2012 decision and, in any event, is irrelevant to the issue as to whether claimant subsequently violated Workers' Compensation Law § 114-a. Finally, claimant raises no arguments in his appellate brief regarding the denial of his request for reconsideration and/or full Board review and, therefore, we deem his appeal from that decision to be abandoned (see Matter of Siennikov v Professional Grade Constr., Inc., 137 AD3d 1440, 1441 n 1 [2016]).
McCarthy, J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: The carrier's allegation that claimant did not properly serve the June 16, 2017 notice of appeal on the Office of the Secretary of the Board is insufficient to warrant dismissal of the appeal.