Matter of Swiech v City of Lackawanna (2019 NY Slip Op 05361)





Matter of Swiech v City of Lackawanna


2019 NY Slip Op 05361


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

527159

[*1]In the Matter of the Claim of DAVID T. SWIECH, Appellant,
v
CITY OF LACKAWANNA et al., Respondents. WORKERS' COMPENSATION BOARD Respondent.

Calendar Date: April 30, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Law Office of Kathryn Kirsch, Clarence (Melanie D. Cleckner of counsel), for appellant.
Hamberger & Weiss, Buffalo (John Land of counsel), for City of Lackawanna and another, respondents.



MEMORANDUM AND ORDER
Mulvey, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed November 28, 2017, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future wage replacement benefits, and (2) from a decision of said Board, filed June 20, 2018, which denied claimant's application for full Board review.
Claimant sustained an established injury to his neck in 2007 in the course of his employment as a firefighter, as well as a prior established injury to his back in 2000. In 2008, he had cervical fusion surgery and retired, and in 2010 he had lumbar surgery. In 2016, the parties addressed issues of permanency and apportionment and the employer's workers' compensation carrier conducted an independent medical exam finding that claimant had a marked permanent partial disability. A functional capacity evaluation (hereinafter FCE) was performed in June 2016, claimant's treating physicians were deposed and, at a November 2016 hearing, the carrier disclosed the existence of an investigation. Claimant then testified and the carrier raised the issue of whether claimant had violated Workers' Compensation Law § 114-a. After reviewing the testimony and surveillance video of claimant taken earlier that month, a Workers' Compensation Law Judge concluded that claimant's activities did not rise to the level of a Workers' Compensation Law § 114-a violation. The Workers' Compensation Board, with one panel member dissenting, concluded that claimant had violated Workers' Compensation Law § 114-a, imposed a mandatory penalty and permanently disqualified him from receiving future [*2]wage replacement benefits [FN1]. The dissenting panel member agreed that claimant had violated Workers' Compensation Law § 114-a but would not have imposed the discretionary penalty of permanent disqualification. The full Board denied claimant's application for full Board review based on the failure to comply with the governing regulation (see 12 NYCRR 300.13). Claimant appeals from both decisions.
Workers' Compensation Law § 114-a (1) provides that a claimant who "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 264 [2003]). "A determination by the Board as to whether a claimant violated Workers' Compensation Law § 114-a will not be disturbed if supported by substantial evidence" (Matter of Santangelo v Seaford U.F.S.D., 165 AD3d 1358, 1359 [2018] [citations omitted], lv denied 32 NY3d 914 [2019]; see Matter of Howard v Facilities Maintenance Corp., 143 AD3d 1032, 1033 [2016]).
Based upon claimant's representations and performance during the FCE, the evaluator concluded, as relevant here, that claimant was unable to "lift or carry any weighted objects" and could not pick up any objects from floor level. He was unable to kneel, crouch, reach for an object or complete any of the balance tasks, had limited lumbar flexion and presented as unable to lift overhead due to restricted range of motion. Claimant reported that he could only walk one-half block, which would require 8 to 10 minutes before the onset of back pain, and was unable to carry a box 25 feet. Based upon his performance, the FCE evaluator concluded that claimant had "marked functional limitations" related to his cervical and lumbar spine and was only capable of less than sedentary physical demands. Based, in part, upon the FCE, claimant's treating orthopedic surgeon concluded that he could not lift any weight and was unable to carry, kneel, bend or reach overhead, and rated him as having a less that sedentary exertional ability. The orthopedist concluded that claimant had "significant difficulty with everything." Claimant's internal medicine physician, who treated his back problems and evaluated him three times in 2016, likewise testified that claimant could not perform any lifting, carrying, pulling or pushing, had constant pain and a burning sensation in his legs and primarily had to rest in a recliner to prevent pain, which was exacerbated by any activity.
The surveillance video of claimant taken on three days in November 2016 reflects that claimant was observed getting in and out of his truck, driving and walking around stores and his property without any apparent difficulty, as well as carrying floor boards into and out of a store and repeatedly bending over at the waist to inspect merchandise or to remove items from low store shelves. He was seen placing objects, including floor boards and boxes, on the floor, bending over and picking up a box from the floor, carrying a box with one hand, twice pulling down an overhead garage door with one hand, bending and reaching for objects and vigorously sweeping his garage. The video of claimant's activities on November 13, 2016 is particularly significant in that it depicts him twice getting down on his knees and then on one knee and one foot, bent over, and then lying fully on his side on the ground repairing or working on a machine, with no neck support, and then getting off the ground without assistance or difficulty and pushing the machine to the rear of his home. Claimant was also observed with construction-style knee pads exiting his garage and, an hour later, again observed wearing them. Claimant testified that he performed "light" errands and he sometimes cannot lift his feet to put on his socks or lift a gallon of milk without two hands. He also claimed that he had hired someone to install new floors in his home but admitted that he had been "helping as much as [he] could," although he said that he spends much of his time in a recliner to take pressure off his back and relieve the pain. With regard to the FCE, claimant testified that he had been "wobbly" that day and had difficulty performing the tasks, creating a credibility issue solely for the Board to resolve as to whether, considering all of the evidence and the video, he had misrepresented his abilities during [*3]the FCE (see Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d 1240, 1242 [2019]; Matter of Eardley v Unatego Cent. Sch. Dist., 153 AD3d 1460, 1460-1461 [2017]; Matter of Howard v Facilities Maintenance Corp., 143 AD3d at 1033).
Contrary to claimant's argument, significantly feigning the extent of disability and pretending to be unable to perform most tasks and body movements for the purpose of influencing any determination regarding workers' compensation benefits constitute false representations of material facts within the meaning of Workers' Compensation Law § 114-a (1), and the misrepresentation "need not affect the dollar value of an award to be material" (Matter of Losurdo v Asbestos Free, 1 NY3d at 265; see Matter of Papadakis v Fresh Meadow Power NE LLC, 167 AD3d 1286, 1287-1288 [2018]; Matter of Santangelo v Seaford U.F.S.D., 165 AD3d at 1359; Matter of Howard v Facilities Maintenance Corp., 143 AD3d at 1033). As the Board found, the video depicts claimant performing many tasks — with no sign of impairment or difficulty — that are inconsistent with or, in some cases, "in direct contrast to" his representations to medical providers and evaluators, and contradicted his purported severe functional limitations and limited performance during the FCE. In view of the foregoing, the Board's finding that claimant had made false representations regarding material facts is supported by substantial evidence and will not be disturbed (see Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d at 1242; Matter of Papadakis v Fresh Meadow Power NE LLC, 167 AD3d at 1287-1288; Matter of Santangelo v Seaford U.F.S.D., 165 AD3d at 1359; see also Matter of Losurdo v Asbestos Free, 1 NY3d at 264-265; see generally Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046 [2018]).
Moreover, the Board adequately explained its reason for disqualifying claimant from receiving future benefits, based upon its finding as to the "nature and extent of the misrepresentation," which it found to be "egregious" (see Matter of Losurdo v Asbestos Free, 1 NY3d at 267; Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d at 1242; Matter of Howard v Facilities Maintenance Corp., 143 AD3d at 1033; cf.
Matter of Papadakis v Fresh Meadow Power NE LLC, 167 AD3d at 1288). In light of his substantial, repeated misrepresentations of his functional abilities and condition, we are not persuaded by claimant's argument that the discretionary penalty is disproportionate to his misrepresentations (see Matter of Losurdo v Asbestos Free, 1 NY3d at 267).
Next, claimant argues that the Board abused its discretion in denying his application for full Board review based upon noncompliance with rules governing the content of such applications. Under the Board's regulations, an application for full Board review "shall be in the format as prescribed by the Chair [of the Board]" and, where, as here, the appealing claimant is represented, the form "must be filled out completely by the appellant" (12 NYCRR 300.13 [b] [1]). Forms RB-89.2 and RB-89.3 have been designated as the proper forms for, respectively, applications for reconsideration/full Board review and rebuttals thereof (see Workers' Comp Bd Release Subject No. 046-940). The Chair of the Board issued Subject No. 046-940, as relevant here, advising parties seeking full Board review that the directive in 12 NYCRR 300.13 (b) (1) — that applications be "filled out completely" — means that "each section or item . . . is completed in its entirety pursuant to the instructions for each form" (Workers' Comp Bd Release Subject No. 046-940). Subject No. 046-940 further makes clear that form RB-89.2 "is not 'filled out completely' when a party responds to sections or items on the form merely by referring to the attached legal brief or other documentation without further explanation"; then, in bold and citing to 12 NYCRR 300.13 (b) (4), it cautions that, "AS OF MAY 26, 2017 ANY APPLICATION FOR REVIEW BY A PARTY OTHER THAN AN UNREPRESENTED CLAIMANT THAT IS NOT FILLED OUT COMPLETELY WILL BE DENIED, AND ANY REBUTTAL FILED BY A PARTY OTHER THAN AN UNREPRESENTED CLAIMANT THAT IS INCOMPLETE WILL NOT BE CONSIDERED" (see Employer: Willow Press/Stabbe Senter Pre, 2019 WL 1314228, *2, 2019 NY Wrk Comp LEXIS 2977, *5 [WCB No. G152 6573, Mar. 19, 2019]; Employer: All American School Bus Corp., 2019 WL 496431, *2, 2019 NY Wrk Comp LEXIS 1246, *3 [WCB No. G206 1848, Feb. 1, 2019]).
Claimant's RB-89.2 application form was not filled out completely, as it merely states, under question No. 14 asking for a description of the basis of the appeal, to "see attached brief," with no grounds or explanation provided on the form. Given that an application for full Board review may be denied where a represented claimant fails to comply with prescribed completion requirements (see 12 NYCRR 300.13 [b] [4]), we find that the Board did not abuse its discretion in denying the application for full Board review (see Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]).
Further, claimant's application for full Board review was filed on December 21, 2017, over a year after the adoption of the revised governing regulation (see 12 NYCRR 300.13 [eff. Oct. 3, 2016]), and almost eight months after Subject No. 046-940 was issued. Accordingly, we are not persuaded by claimant's argument that our decision in Matter of Johnson v All Town Cent. Transp. Corp. (165 AD3d 1574, 1575 [2018]) is analogous or warrants a contrary finding here.[FN2]
Garry, P.J., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: Claimant's medical benefits were not affected (see Matter of Rodriguez v Burn-Brite Metals Co., 1 NY3d 553, 555-556 [2003]).

Footnote 2: Although full Board review would have been mandatory due to the dissent of one panel member, such review required a proper, timely application, including compliance with the completion requirements for RB-89.2 applications (see 12 NYCRR 300.13 [b] [4]). Moreover, direct judicial review of the Board panel's decision is also permitted (see Workers' Compensation Law § 23) and, indeed, has herein provided review of all issues that could have been considered by the full Board.