Matter of Rosario v Consolidated Edison Co. of N.Y. Inc. (2019 NY Slip Op 05736)





Matter of Rosario v Consolidated Edison Co. of N.Y. Inc.


2019 NY Slip Op 05736


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

527267

[*1]In the Matter of the Claim of MATTHEW ROSARIO, Claimant,
v
CONSOLIDATED EDISON CO. OF N.Y. INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: June 7, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Rumsey, JJ.


Cherry, Edson & Kelly, LLP, Tarrytown (Ralph E. Magnetti of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a decision of the Workers' Compensation Board, filed December 12, 2017, which ruled, among other things, that claimant did not violate Workers' Compensation Law § 114-a.
Claimant worked for the employer as a mechanic doing heavy construction that entailed the use of pneumatic tools, such as jackhammers, pavement breakers and rock drills. In January 2013, he filed a claim for workers' compensation benefits due to repetitive stress injuries that he sustained to his hands, elbows, shoulders and wrists. A Workers' Compensation Law Judge (hereinafter WCLJ) established his claim for an occupational disease of tendinitis and neuralgia to the bilateral elbows, forearms and wrists, with a date of disablement of February 4, 2013.
Extended proceedings were thereafter conducted in the case to ascertain if claimant had a schedule loss of use of his hands and/or upper extremities. Conflicting medical opinions were presented at the hearings that followed. During the course of the proceedings, the employer, through its workers' compensation carrier (hereinafter collectively referred to as the carrier), raised claimant's violation of Workers' Compensation Law §
114-a. After hearing the testimony and viewing two videotapes, the WCLJ concluded that claimant exaggerated the extent of his injuries in violation of Workers' Compensation Law § 114-a and was permanently disqualified from receiving benefits. A panel of the Workers' Compensation Board, however, disagreed and found that claimant did not make a willful misrepresentation in violation of Workers' Compensation Law § 114-a. Accordingly, it returned the case to the WCLJ for a decision on schedule loss of use. The carrier appeals.
"Workers Compensation Law § 114-a (1) provides that a claimant who, for the purpose of obtaining disability compensation, or to influence any determination related to the payment thereof, knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (Matter of Angora v Wegman's Food Markets, 171 AD3d 1419, 1420 [2019] [internal quotation marks omitted]; see Matter of Howard v Facilities Maintenance Corp., 143 AD3d 1032, 1033 [2016]). For purposes of the statute, a false statement or material misrepresentation has been found to include a claimant's exaggeration of his or her symptoms and/or injuries (see e.g. Matter of Howard v Facilities Maintenance Corp., 143 AD3d at 1033; Matter of Denman v Cobbler's Rest., 106 AD3d 1289, 1290-1291 [2013]; Matter of Church v Arrow Elec., Inc., 69 AD3d 983, 984-985 [2010]). Significantly, "[w]hether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d 1240, 1241 [2019] [internal quotation marks and citations omitted]; see Matter of Denman v Cobbler's Rest., 106 AD3d at 1290).
Here, medical evidence was presented suggesting that claimant suffers from an unusual affliction affecting his hands that is characterized by an inability to fully extend his fingers without pain [FN1]. Michael Cushner, claimant's treating orthopedist, termed the condition "resting claw deformity," which he described as tendonitis with a nerve component, a condition that it is not fully addressed in the workers' compensation guidelines. According to him, although claimant can fully extend his fingers with tension, this causes pain and, when tension is released, his fingers revert back to a clenched position. Cushner stated that this is a responsive action and not something that claimant is doing actively. Because of this condition, Cushner opined that claimant has a schedule loss of use of 25% of both hands.
In contrast, George Burak, the orthopedist who conducted an independent medical examination of claimant on behalf of the carrier, indicated that he could not provide an opinion on schedule loss of use of claimant's hands. He explained that his physical examination of claimant was bizzare because claimant kept his fingers in a clenched position and, when Burak attempted to maneuver them and test range of motion, he could not do so due to claimant's complaints of pain. Burak noted the absence of atrophy or neurovascular changes substantiating claimant's complaints and suggested that they were potentially attributable to claimant's magnification of his symptoms.
A review of the videotape of Burak's independent medical examination confirms that claimant presented with the fingers of both hands in a clenched position, but does not reveal that Burak made much of an attempt to manipulate them or indicate that claimant was trying to exaggerate his symptoms. Likewise, the surveillance videotape taken by the carrier's investigator is of limited value and does not show that claimant engaged in activities inconsistent with his medical restrictions. Although Burak and Cushner had differing medical opinions on whether claimant's symptoms were feigned or real, this presented a credibility issue for the Board to resolve (see Matter of Byrnes v New Is. Hosp., 167 AD3d 1128, 1129 [2018]; Matter of Bloomingdale v Reale Constr. Co. Inc., 161 AD3d 1406, 1409 [2018]). In sum, the proof in the record does not establish that claimant deliberately overstated his symptoms for the purpose of obtaining a schedule loss of use award in violation of Workers' Compensation Law § 114-a (compare Matter of Howard v Facilities Maintenance Corp., 143 AD3d at 1033; Matter of Church v Arrow Elec., Inc., 69 AD3d at 984-985). Therefore, we conclude that substantial evidence supports the Board's decision, and we decline to disturb it.
Egan Jr., J.P., Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Notably, claimant previously obtained a schedule loss of use award in connection with injuries affecting his upper extremities.