Matter of Giesselmann v Rotterdam Steel, LLC (2024 NY Slip Op 06262)

Matter of Giesselmann v Rotterdam Steel, LLC

2024 NY Slip Op 06262

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CV-23-1921
[*1]In the Matter of the Claim of Brian Giesselmann, Appellant,
v
Rotterdam Steel, LLC, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 18, 2024

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Mackey, JJ.

Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for appellant.
Williams & Williams, Buffalo (Jared L. Garlipp of counsel), for Rotterdam Steel, LLC and another, respondents.

Mackey, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed October 4, 2023, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future indemnity benefits, and (2) from a decision of said Board, filed December 21, 2023, which denied claimant's application for reconsideration and/or full Board review.
In June 2016, claimant, a welder and fabricator, was injured at work when he fell to the ground while carrying a rail, landing on his outstretched right arm and jamming his shoulder. His subsequent claim for workers' compensation benefits was ultimately established for a work-related injury to his right shoulder. In March 2022, Daniel Bowman, claimant's treating physician, evaluated claimant for permanency and found that claimant had reached maximum medical improvement and that he had sustained a 70% schedule loss of use (hereinafter SLU) of the right arm (shoulder). The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) subsequently alleged that claimant had violated Workers' Compensation Law § 114-a by misrepresenting his physical condition (i.e., range of motion) and abilities during his permanency evaluation and produced video surveillance and photographs of claimant performing outdoor activities and yardwork that were inconsistent with his physical condition and limitations. Claimant was also directed to undergo an independent medical examination by the carrier's consultant, who opined that, based upon range of motion testing and preexisting arthritis exacerbated by the work-related injury, claimant had sustained a 40% SLU. After reviewing the carrier's submissions and obtaining hearing testimony from claimant and deposition testimony from Bowman, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant deliberately misrepresented his physical condition during his permanency evaluation with Bowman to obtain a favorable SLU award and therefore violated Workers' Compensation Law § 114-a. The WCLJ, in addition to a mandatory penalty of forfeiture of any SLU award, also found that claimant's misrepresentations were sufficiently egregious to warrant imposition of a discretionary penalty that permanently disqualified claimant from receiving any future indemnity benefits, including any SLU award. Upon administrative review, the Workers' Compensation Board affirmed, finding that claimant intentionally made material misrepresentations regarding his functional abilities during his permanency evaluation with Bowman. The Board, in addition to a mandatory penalty, also found that claimant's misrepresentations were sufficiently egregious to warrant imposition of a discretionary penalty that permanently disqualified claimant from receiving any future indemnity benefits. Claimant's subsequent application for reconsideration and/or full Board review was denied, and claimant appeals from both decisions.
Workers' Compensation Law § 114-a[*2](1) provides, in pertinent part, that "[i]f for the purpose of obtaining compensation . . . or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation." "A fact is considered material when it is significant or essential to the issue or matter at hand" (Matter of Conliffe v Darden Restaurant, 187 AD3d 1398, 1399 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]). "Notably, feigning the extent of a disability or exaggerating symptoms and/or injuries have been found to constitute material false representations within the meaning of the statute" (Matter of Deliso v New York City Tr. Auth., 225 AD3d 1010, 1011 [3d Dept 2024] [internal quotation marks and citations omitted]). "Whether a claimant has violated the statute lies within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (id. [internal quotation marks and citations omitted]; see Matter of Swiech v City of Lackawanna, 174 AD3d 1001, 1002 [3d Dept 2019]).
Following a November 3, 2021 examination, Bowman reported that claimant had a 33% temporary impairment or disability and indicated that claimant could continue working and "resume activities as tolerated." Several months later, in March 2022, Bowman evaluated claimant for permanency and found that claimant had sustained a 70% SLU of the right arm. Bowman's findings on SLU were based upon claimant's rotator cuff pathology, as well as his osteoarthritis, and the fact that claimant, who at that time was not able to perform a full examination due to his alleged pain, had profoundly limited motion on all planes due to arthritis and a marked deficit with abduction and a moderate deficit with flexion. Claimant admitted that he, as depicted on the carrier's surveillance videos recorded in April 2022 — less than a month after Bowman's permanency examination — lifted lawnmowers, which weighed 45 to 50 pounds, to at least his waist level and picked up a 10-pound screen door over his head. Claimant attributed the discrepancy between his functional abilities and Bowman's findings to Bowman's testing errors and "misrepresentation of reality." Bowman testified, however, that, when he examined claimant in March 2022, claimant only gave a report of "two out of [10] pain with weakness and stiffness," and Bowman stated that "the exam was far more limited than what [he] was anticipating . . . to find." Bowman opined that claimant's complaints were less than what his examination findings revealed, that something was not quite right when he examined claimant and that he was suspicious of claimant's efforts during the examination. He also stated that he thought [*3]his impairment findings for claimant were high given claimant's condition and medical history. Bowman ultimately agreed that claimant misrepresented his functional abilities during the permanency examination and also explained — contrary to claimant's allegation that Bowman made mistakes during the permanency examination — that he conducts a lot of permanency evaluations and does so on a weekly basis. The Board was entitled to credit Bowman's testimony and, upon reviewing the record before us, including the foregoing, we find that there is substantial evidence to support the Board's conclusion that claimant made material misrepresentations during his permanency examinations regarding his actual functional abilities for the purpose of influencing his workers' compensation claim and, in so doing, violated Workers' Compensation Law § 114-a (see Workers' Compensation Law § 114-a [1]; Matter of Deliso v New York City Tr. Auth., 225 AD3d at 1011-1012; Matter of Arena v Upstate Niagara Coop. Inc., 208 AD3d 1400, 1402-1403 [3d Dept 2022]; Matter of Ringelberg v John Mills Elec., Inc., 195 AD3d 1332, 1334-1335 [3d Dept 2021]; Matter of Peck v Donaldson Org., 191 AD3d 1078, 1079-1081 [3d Dept 2021]). Moreover, given the Board's conclusion that claimant's embellishment of his condition and functional abilities to the medical examiner was egregious, a finding that is supported by the record and testimony, we cannot conclude that the imposition of the discretionary penalty of permanent disqualification from future wage replacement benefits is disproportionate to claimant's material misrepresentations (see Matter of Losurdo v Asbestos Free, 1 NY3d at 267; Matter of Ringelberg v John Mills Elec., Inc., 195 AD3d at 1335; Matter of Swiech v City of Lackawanna, 174 AD3d at 1002; Matter of Poupore v Clinton County Hwy. Dept., 138 AD3d 1321, 1324 [3d Dept 2016]).
Finally, inasmuch as claimant's brief makes only a passing reference to the denial of his application for reconsideration and/or full Board review, without further substantive arguments, his challenge to the Board's December 2023 decision denying that application is deemed abandoned (see Matter of Deliso v New York City Tr. Auth., 225 AD3d at 1013; Matter of Puccio v Absolute Chimney & Home Improvement, LLC, 222 AD3d 1060, 1064 [3d Dept 2023]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.