Matter of Carpenter v Albany Dialysis Ctr. (2025 NY Slip Op 00705)

Matter of Carpenter v Albany Dialysis Ctr.

2025 NY Slip Op 00705

Decided on February 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 6, 2025

CV-23-1587
[*1]In the Matter of the Claim of Victoria A. Carpenter, Appellant,
v
Albany Dialysis Center et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 14, 2025

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Powers, JJ.

Law Firm of Alex Dell, PLLC, Albany (Sarah M. Bennett of counsel), for appellant.
Sullivan Keenan & Oliver, LLP, Albany (John M. Oliver of counsel), for Albany Dialysis Center and another, respondents.

Pritzker, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed August 1, 2023, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and disqualified her from receiving future indemnity benefits, and (2) from a decision of said Board, filed October 3, 2023, which denied claimant's application for reconsideration and/or full Board review.
In 2014, claimant, a registered nurse, was injured at work when a patient fell on her, and her subsequent claim for workers' compensation benefits was established and amended to include complex regional pain syndrome (hereinafter CRPS) that has affected and involves claimant's right foot, left leg and both upper extremities. Claimant received treatment for her conditions, and, as of August 2021, a Workers' Compensation Law Judge (hereinafter WCLJ) indicated that claimant was temporarily partially disabled and directed continuing indemnity benefits at a high marked rate. At a December 2021 hearing, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) gave notice to claimant that it possessed surveillance video depicting her functional abilities, and the WCLJ permitted the carrier to obtain a physical examination of claimant in relation to claimant's degree of disability. That examination was conducted by Vijay Sidhwani, after which the carrier requested suspension of benefits and disqualification by reason of claimant misrepresenting her functional abilities and disability. Following the receipt of deposition testimony from, among others, Sidhwani and Priti Vohra, claimant's treating physician, the WCLJ found, among other things, that the surveillance video of claimant contradicted claimant's reported medical condition, disability and limitations as stated in the medical reports contemporaneous to the dates of the video and constituted a material misrepresentation on her part as to her degree of disability. As such, the WCLJ found that claimant violated Workers' Compensation Law § 114-a, imposed the mandatory penalty — rescinding the award of workers' compensation benefits made from April 22, 2021 to July 14, 2022 — and, further, imposed a discretionary penalty of permanent disqualification from receiving wage replacement benefits with respect to this claim after July 15, 2022. Upon administrative appeal, the Workers' Compensation Board affirmed. The Board also denied claimant's application for reconsideration and/or full Board review. This appeal by claimant ensued.
"Workers' Compensation Law § 114-a (1) provides, in relevant part, that a claimant who, for the purpose of obtaining workers' compensation benefits or influencing any determination relative thereto, knowingly makes a false statement or representation as to a material fact shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (Matter of Nappi v Verizon N.Y., 205 AD3d 1181, 1182 [3d Dept 2022] [internal [*2]quotation marks, ellipsis and citations omitted]; accord Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d 1075, 1076 [3d Dept 2022]). "A fact will be deemed material so long as it is significant or essential to the issue or matter at hand, and an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Williams v New York City Dept. of Corr., 188 AD3d 1382, 1383 [3d Dept 2020] [internal quotation marks, ellipsis and citations omitted]; see Matter of Nappi v Verizon N.Y., 205 AD3d at 1182). "Whether a claimant has violated the statute lies within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Yolas v New York City Tr. Auth., 224 AD3d 1112, 1113 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Arena v Upstate Niagara Coop. Inc., 208 AD3d 1400, 1401 [3d Dept 2022]). "Exaggerating one's symptoms and/or downplaying the significance of preexisting conditions, prior injuries or treatment also have been found to rise to the level of a material, false misrepresentation" (Matter of Nappi v Verizon N.Y., 205 AD3d at 1183 [citations omitted]).
In an April 22, 2021 medical report from Vohra, claimant reported her pain to be an "8/10" with "constant pins/needles, stabbing, burning, aching, pressure, throbbing and shooting," all of which are located in her chest, both legs, feet, arms and hands. Vohra reported that, in April 2021, claimant's temporary impairment was 100%. Similarly, when claimant was examined by Vohra in July 2021, claimant reported her constant pain to be a "9/10," and Vohra opined that claimant remained 100% temporarily impaired. Vohra testified that claimant had reported severe pain, balance issues and used a cane for ambulation and that her degree of disability associated with CRPS was at total disability in the months leading up to March 2022, at which point it reduced to 85%. Upon viewing claimant in the surveillance video, Vohra testified that he believed claimant had misrepresented or exaggerated her disability and limitations when she was examined, and that claimant did not look like the same patient in the surveillance videos.
Upon conducting a July 2021 medical examination of claimant, Sidhwani reported that claimant is permanently impaired and that, although she is unemployed and that a typical day consists of attending treatment, light shopping, light cooking and light cleaning, she was found to be capable of returning to work part time in a sedentary position. Sidhwani stated that claimant requires additional treatment for her CRPS, and claimant reported that her ability to work, sit or stand for extended periods, grasp objects or lift overhead, walk or run or engage in recreational activities are all significantly affected and diminished by her CRPS in the upper and lower extremities and neck. Upon reviewing the surveillance videos[*3], Sidhwani filed a January 2022 addendum in which he stated that claimant presented in the videos with no "obvious limitations in range of motion of the cervical spine, lumbar spine or ankles," and claimant checked her mail with no apparent discomfort and was walking "without the use of any orthotics, assistive devices or any other obvious expression of pain." Sidhwani changed his findings, stating that "claimant's physical capabilities demonstrated on the videos are not consistent with the physical presentation on the dates of either of her independent medical examinations. I do not find any medical necessity for further diagnostic testing or treatment of any nature including physical therapy, the use of oral medication, interventional procedures or any invasive implantable devices such as a spinal cord stimulator." Sidhwani also stated that claimant was capable of working full duty without any restrictions, that there was no need for any physical restrictions or limitations either at work or in the course of her usual activities of daily living and that there was no causally-related disability or permanency based on the totality of information available to him at that time. Sidhwani's deposition testimony was consistent with his findings set forth in his January 2022 addendum, and he testified that claimant's condition at the time of her examination was wholly inconsistent with her condition depicted in the surveillance videos.
Consistent with the observations by the physicians who viewed the surveillance videos of claimant, dated May 13, 2021, August 15, 2021 and August 17, 2021, claimant is seen walking without any evidence of pain or discomfort exhibited in her face, able to walk for extended periods of time in sneakers without assistive devices or any altered gait, and demonstrated inconsistent functional abilities such as being able to raise and hold a large bag of recyclables or other items around shoulder level while talking to others. The Board was free to reject claimant's self-serving explanations, and, given that the foregoing evidence demonstrates that claimant misrepresented, or was less than forthcoming of, her condition and abilities to Vohra and Sidhwani during the period in question, we discern no basis upon which to disturb the Board's finding that claimant's affirmative misrepresentations and/or omissions constituted a violation of Workers' Compensation Law § 114-a as well as the Board's finding that claimant's material misrepresentations to the physicians support the imposition a mandatory penalty (see Workers' Compensation Law § 114-a [1]; Matter of Arena v Upstate Niagara Coop. Inc., 208 AD3d at 1402-1403; Matter of Nappi v Verizon N.Y., 205 AD3d at 1183; Matter of Ringelberg v John Mills Elec., Inc., 195 AD3d 1332, 1334-1335 [3d Dept 2021]). Moreover, given the Board's conclusion that claimant misrepresented her condition and functional abilities to the physicians who examined her contemporaneous to the surveillance videos [*4]taken of her, we cannot conclude that the imposition of the discretionary penalty of permanent disqualification from future wage replacement benefits is disproportionate to claimant's material misrepresentations (see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 267 [2003]; Matter of Ringelberg v John Mills Elec., Inc., 195 AD3d at 1334-1335; Matter of Poupore v Clinton County Hwy. Dept., 138 AD3d 1321, 1324 [3d Dept 2016]).
Claimant's argument that the Board erred in denying her application for reconsideration and/or full Board review is similarly unpersuasive. To succeed on such an application, "the applicant must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Villagil v Sauce Pizzeria III, LLC, 222 AD3d 1154, 1155-1156 [3d Dept 2023] [internal quotation marks and citations omitted]). Claimant has failed to make such a demonstration, as her arguments in this regard simply mirror her challenges to the underlying Board decision, and we therefore discern no basis upon which to conclude that the Board's denial of the application was arbitrary and capricious or otherwise an abuse of discretion. The carrier's remaining arguments, to the extent not specifically addressed, have been considered and found to be without merit.
Aarons, J.P., Lynch, Ceresia and Powers, JJ., concur.
ORDERED that the decisions are affirmed, without costs.