■ In the Matter of the Claim of CHARLES A. PEGUERO, Appellant, v HALO'S RESTAURANT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. (And Two Other Related Claims.) [805 NYS2d 196]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed May 11, 2004, which, inter alia, ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving wage replacement benefits.

Claimant sustained three separate compensable back injuries while working at varying times for different employers. In November 1999, at a time when claimant was receiving compensation benefits pursuant to the assertion that he was totally disabled and unable to engage in even light duty work, the extent of his disability was called into question as a result of, inter alia, investigative surveillance by personnel who observed him engaging in certain hunting activities. A hearing was thereafter conducted for the purpose of determining whether claimant had perpetrated a fraud relative to the degree of his disability. At the hearing, claimant indicated that he had been hunting in November 1999, but explained that he had done so with approval from Eric Seybold, his treating doctor. Seybold, however, testified that the first time he treated claimant was January 31, 2000. Seybold further testified that he had not offered any advice regarding claimant's condition prior to that date. The Workers' Compensation Law Judge determined that claimant had misrepresented a material fact and, by way of sanction, rescinded the benefits that claimant had received during the two-month period of time in question, from September 22, 2001 to November 19, 2001. Upon review, the Workers' Compensation Board upheld the finding of fraud and the resulting mandatory penalty and further sanctioned claimant by disqualifying him from receiving any future wage replacement benefits. Claimant now appeals.

The Board's determination that claimant violated Workers' Compensation Law § 114-a by making false statements is supported by substantial evidence in the record (*see Matter of Mc-Cormack v Eastport Manor Constr.*, 19 AD3d 826, 828 [2005]). As noted, claimant testified under oath that his hunting activities had been expressly approved by Seybold while Seybold testified to the contrary. We are unpersuaded by claimant's contention that the record is unclear as to the timing of the hunting trip in relation to obtaining doctor approval. A review of claimant's testimony makes plain the fact that he was referring to November 1999, and not November 2000 as he now argues, when he asserted that he had Seybold's approval to go hunting.

Turning next to the propriety of the penalties imposed upon claimant as a result of his misrepresentation of a material fact, we decline to intervene. In accordance with Workers' Compensation Law § 114-a (1), the Board was required to sanction claimant by rescinding the benefits which were directly attributable to such a misrepresentation. Thus, the monetary penalty of $1,375.84, which equaled the amount of benefits obtained by claimant between September 22, 2001 and November 19, 2001, was appropriately imposed (*see* Workers' Compensation Law § 114-a [1]). As for the additional sanction disqualifying claimant from receiving future benefits, we note that the Board possesses the discretion to order "forfeiture of all or a portion of wage replacement benefits" (*Matter of Losurdo v Asbestos Free*, 1 NY3d 258, 265-266 [2003]) and, under all the circumstances, we find no abuse of that discretion.

Claimant's remaining contentions have been examined and found to be lacking in merit.

Mercure, Crew III and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.