■ In the Matter of the Claim of ED KESTLER, Appellant-Respondent, v OLD CASTLE CALLANAN INDUSTRIES, INC., et al., Respondents-Appellants. WORKERS' COMPENSATION BOARD, Respondent. [846 NYS2d 772]—

Carpinello, J. Cross appeals from a decision of the Workers' Compensation Board, filed July 17, 2006, as amended by decision filed July 31, 2006, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving wage replacement benefits.

In 2003, claimant filed a claim for workers' compensation benefits alleging that he had sustained injuries to his neck and back from regularly operating a front-end loader with mismatched tires. At an ensuing hearing, claimant testified that he had no back or neck problems prior to his claimed work-related injuries, but the employer presented evidence of a history of prior similar injuries. Ultimately, the Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that claimant had not violated Workers' Compensation Law § 114-a and that his injuries were causally related to his employment.

Upon review, the Workers' Compensation Board modified, determining that claimant had violated Workers' Compensation Law § 114-a by his testimony at the hearing and by his failure to disclose his medical history to his treating physicians. As a result, the Board disqualified him from receiving workers' compensation wage replacement benefits. First, the Board

imposed a mandatory penalty covering the period June 23, 2004 to July 19, 2005. Moreover, it imposed a discretionary penalty covering the period July 19, 2005 forward. The Board, however, did authorize continuing medical benefits and, without specifically addressing causation, otherwise affirmed the WCLJ's decision. Both parties now appeal.

The Board's determination that claimant violated Workers' Compensation Law § 114-a will be upheld so long as it is supported by substantial evidence (*see Matter of Husak v New York City Tr. Auth.*, 40 AD3d 1249, 1250 [2007]; *Matter of Bottieri v New York State Dept. of Taxation & Fin.*, 27 AD3d 1035, 1036 [2006]). A review of the record reveals the existence of such evidence. Claimant testified before the WCLJ that he never had any neck or back problems prior to the 2003 claim. Additionally, both the testimony and the medical reports of claimant's treating physicians indicate that claimant represented to them that he had not sustained any prior similar injuries. However, the record reveals that between 1996 and 2001, claimant documented in various medical questionnaires that he had a history of back and neck pain due to previous car accidents, a skiing injury and a work-related head injury. Claimant also informed the independent medical examiner in 2004 that he had been receiving chiropractic treatments on his neck and back for the past five years. Accordingly, we will not disturb the Board's finding of a violation of Worker's Compensation Law § 114-a.

With respect to the employer's challenge to the Board's implicit affirmance of the WCLJ's determination that claimant's injuries were causally related to his employment thereby entitling him to continued medical benefits, we note simply that this determination is supported by the requisite substantial evidence of some medical testimony of causality (*see e.g. Matter of Hargraves v Dormann Lib.*, 18 AD3d 1105, 1106 [2005]; *compare Matter of Ceselka v Kingsborough Community Coll.*, 281 AD2d 842, 842-843 [2001]; *Matter of Estate of Matusko v Kennedy Valve Mfg. Co.*, 296 AD2d 726, 728 [2002], *lv denied* 99 NY2d 504 [2002]), notwithstanding claimant's false representations.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.