■ In the Matter of the Claim of MATTHEW W. ROBBINS, Appellant, v MESIVTHA TIFERETH JERUSALEM et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [874 NYS2d 638]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed February 23, 2007, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future wage replacement benefits.

Claimant was formerly employed as a camp caretaker. In May 1999, he injured his back when he slipped on mud while carrying a 175-pound water pump, and a Workers' Compensation Law Judge (hereinafter WCLJ) found him to be permanently, totally disabled as a result of the injury. Subsequently, the workers' compensation carrier raised an issue of fraud and requested that claimant's benefits be suspended pursuant to Workers' Compensation Law § 114-a, asserting that claimant had misrepresented the degree of his disability. Following a hearing, a WCLJ found no violation of section 114-a, concluding that claimant remained permanently, totally disabled. Upon review, the Workers' Compensation Board reversed, finding that

claimant intentionally misrepresented the degree of his disability in order to obtain compensation benefits. The Board imposed a mandatory disqualification penalty of $35,059.10, and permanently disqualified claimant from receiving any further wage replacement benefits pursuant to its discretionary authority. Claimant appeals, and we now affirm.

A determination that a claimant has violated Workers' Compensation Law § 114-a will be upheld if it is supported by substantial evidence (*see Matter of Losurdo v Asbestos Free*, 1 NY3d 258, 266 [2003]; *Matter of Kestler v Old Castle Callanan Indus., Inc.*, 46 AD3d 957, 958 [2007]). Here, the testimony of the independent medical examiner, Robert Zickel, fully supported the carrier's assertion that claimant misrepresented his daily activities. In particular, Zickel testified that claimant's activities depicted on surveillance videos—which included footage of claimant reaching, turning and bending while washing an all terrain vehicle, walking a large dog without putting any weight on his cane, fishing and casting in a stream while wearing hip boots, climbing a rocky embankment, carrying a backpack and crawling under a truck to repair it—indicated that any disability that he had was minor or mild. Zickel maintained that the depicted activities were "not consistent" with claimant's description of his daily activities upon examination. Moreover, claimant's treating physician, Barry Scheinfeld, indicated that based upon claimant's representations, he was under the impression that claimant was unable to perform the types of activities listed above. In our view, the Board's decision is supported by substantial evidence and, thus, it will not be disturbed (*see Matter of Kestler v Old Castle Callanan Indus., Inc.*, 46 AD3d at 958; *Matter of Dishaw v Midas Serv. Experts*, 27 AD3d 921, 922 [2006]; *Matter of Tomlin v L & B Contr. Indus.*, 307 AD2d 682, 683 [2003]; *Matter of Phelps v Phelps*, 277 AD2d 736, 738-739 [2000]).

Turning to claimant's remaining arguments, we reject his assertion that his due process rights were violated. Claimant had ample opportunity to address the issue of whether he knowingly misrepresented material facts during the hearing before the WCLJ and, in any event, " '[i]t lies within the Board's discretion to entertain arguments not raised before the [WCLJ]' " (*Matter of Dishaw v Midas Serv. Experts*, 27 AD3d at 921 [citation omitted]). Moreover, the penalties imposed herein were not inappropriate. Given its finding that claimant violated Workers' Compensation Law § 114-a, "the Board was required to sanction claimant by rescinding the benefits which were directly attributable to such a misrepresentation" (*Matter of Peguero v*

*Halo's Rest.*, 24 AD3d 986, 987 [2005]). Finally, the Board set forth an adequate explanation for its imposition of a discretionary sanction, and its determination that disqualification is not disproportionate to the offense is supported by substantial evidence (*see Matter of Harabedian v New York Hosp. Med. Ctr.*, 35 AD3d 915, 916 [2006]; *Matter of Peguero v Halo's Rest.*, 24 AD3d at 987; *Matter of Dieter v Trigen-Cinergy Solutions of Rochester*, 14 AD3d 748, 749 [2005], *appeal dismissed* 4 NY3d 881 [2005]).

Rose, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.