*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    September 4, 2014                 517501
_____

In the Matter of the Claim of
    RONALD VAN ETTEN,
                        Respondent,

        v

MOHAWK VALLEY COMMUNITY                    MEMORANDUM AND ORDER
    COLLEGE et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:   August 21, 2014

Before:   McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

                    _____

        Wolff, Goodrich & Goldman, LLP, Syracuse (Robert E. Geyer Jr. of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City (Iris A. Steel of counsel), for Workers' Compensation Board, respondent.

                    _____

Clark, J.

        Appeal from a decision of the Workers' Compensation Board, filed December 7, 2012, which, among other things, ruled that claimant violated Workers' Compensation Law § 114-a.

        Claimant obtained workers' compensation benefits for a right inguinal hernia and lower back injury that he sustained in 2008.  The self-insured employer and its third-party administrator (hereinafter collectively referred to as the

employer) alleged in 2010 that claimant had violated Workers' Compensation Law § 114-a by knowingly misrepresenting the degree of his disability.  The Workers' Compensation Board ultimately determined that claimant had violated section 114-a, but found the discretionary penalty of disqualifying him from receiving future wage replacement benefits to be unwarranted.  The employer now appeals.

We affirm.  The parties do not dispute that claimant violated Workers' Compensation Law § 114-a (1); rather, the employer contends that the Board erred in failing to disqualify claimant from receiving future wage replacement benefits.  The refusal to impose that discretionary penalty will only be disturbed, however, if the Board abused its discretion as a matter of law (see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]; Matter of Liguori v Beloten, 76 AD3d 1156, 1157 [2010], lv denied 16 NY3d 702 [2011]; Matter of Peguero v Halo's Rest., 24 AD3d 986, 987 [2005]).  Surveillance footage in this case demonstrated that claimant was capable of walking normally and performing other tasks in a manner that was inconsistent with his behavior in the presence of physicians.  Claimant testified that his ability to perform those tasks was dependent upon when he had taken his pain medication and the dosage used.  His family physician concurred that "the medication could help him be more mobile."  The Board elected not to impose the discretionary penalty because of this evidence that claimant's varying degrees of mobility did not entirely stem from an intent to mislead and, inasmuch as the Board's leniency is not "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness," we decline to disturb the penalty (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974] [internal quotation marks and citation omitted]; see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 267 [2003]).

As a final matter, the cases cited by the employer are "sufficiently distinguishable from the [present matter] to warrant a different result" (Matter of Malone v Bernhardt Paving, 2 NY3d 756, 757 [2004]).

McCarthy, J.P., Garry, Egan Jr. and Lynch, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court