*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                    519338
_____

In the Matter of the Claim of
    JERRY DACEY,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER

SWEETENERS PLUS, INC., et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  May 29, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                        _____


        Law Office of John Wallace, Buffalo (Christina M. Hassler of counsel), for appellants.

        Melvin Bressler, Pittsford, for Jerry Dacey, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.

                        _____


Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board, filed January 22, 2013, which ruled that claimant did not violate Workers' Compensation Law § 114-a.

        In September 2000, claimant sustained a work-related injury to his back while operating a forklift; he was classified as permanently partially disabled in 2006 and last reported working

in 2007.  He continued to receive workers' compensation benefits for a temporary partial disability.  Claimant subsequently underwent spinal fusion surgery in 2009, and his benefits were made permanent in July 2010.  The employer's workers' compensation carrier later raised the issue of whether claimant violated Workers' Compensation Law § 114-a and disclosed that it had carried out video surveillance of claimant in August 2010. Hearings were held in 2011, at which claimant testified that he had reported not working in 2010 to his treating physician and the carrier's consultant, and that he had applied for maintenance and cleaning work at Skye High Ink, a tattoo parlor owned by a lifelong friend, but had not been hired or performed work there. The carrier's investigator testified that he conducted 23 hours of surveillance of claimant over a three-day period in August 2010, as depicted in the video recording and reflected in his report.  The Workers' Compensation Law Judge concluded that claimant had violated Workers' Compensation Law § 114-a by, among other things, not testifying truthfully at the hearing regarding the true nature of his work activities at Skye High Ink and his physical abilities, and imposed penalties.  Upon review, the Workers' Compensation Board reversed, concluding that the record did not support a finding that claimant violated Workers' Compensation Law § 114-a.

We affirm.  Pursuant to Workers' Compensation Law § 114-a (1), a claimant who, for the purpose of obtaining wage replacement benefits or to influence any determination related to payment thereof, "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 264-266 [2003]).  The determination of the Board as to whether a claimant violated this provision "will not be disturbed if substantial evidence supports it" (Matter of Gillian v New York State Dept. of Corrections, 88 AD3d 1035, 1036 [2011]).

Here, the Board found that, despite surveillance of claimant over the course of three days, the investigator "captured less than one hour of actual footage of . . . claimant," during which there was one "isolated instance of . . .

claimant using an electric saw" to cut pieces of wood moulding which, due to their size, did not appear to be "challenging." The Board characterized the activity as "de minimis" and concluded that it "was not inconsistent with claimant's partial disability," noting that there were no weight lifting restrictions placed upon his activities and no other evidence that claimant performed any work for that business, received remuneration therefrom or was regularly present thereat. The surveillance video, which – as relevant here – shows claimant performing light wood-cutting activity for approximately 30 minutes outside the tattoo parlor, did not contradict his testimony or the Board's factual findings that claimant did not knowingly make false statements or representations (see Matter of Lleshi v Dag Hammarskjold Tower, 123 AD3d 1386, 1387 [2014]). Given that "[t]he Board is the sole arbiter of witness credibility" (Matter of Borgal v Rochester-Genesee Regional Transp. Auth., 108 AD3d 914, 915 [2013] [internal quotation marks and citations omitted]) and its conclusions are supported by substantial evidence in the record, its decision will not be disturbed (see id. at 915-917; Matter of Feisthamel v Marcy Correctional Facility, 26 AD3d 554, 555 [2006]).

McCarthy, J.P., Devine and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court