McCarthy,
 

 J.P. Appeal from a decision of the Workers’ Compensation Board, filed January 5, 2016, which ruled that claimant did not violate Workers’ Compensation Law § 114-a.
 

 Claimant, who is legally blind, was employed by a school district as a cleaner. In June 2008, he sustained work-related injuries that caused him to eventually stop working. He filed a claim for workers’ compensation benefits and his case was established for injuries to his right shoulder and neck. He was subsequently classified as having a permanent total disability and was awarded benefits accordingly.
 
 *
 

 Thereafter, the school district and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) raised the issue of claimant’s violation of Workers’ Compensation Law § 114-a based upon video surveillance footage depicting claimant performing activities that allegedly demonstrated his ability to work. The case was continued for further hearings on this issue, and a Workers’ Compensation Law Judge ultimately ruled that there was no violation of Workers’ Compensation Law § 114-a. The Workers’ Compensation Board affirmed this decision and the carrier now appeals.
 

 Workers’ Compensation Law § 114-a (1) provides that a claimant who “knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation.” Significantly, “[t]he Board is the sole arbiter of witness credibility, and its determination as to whether a claimant violated Workers’ Compensation Law § 114-a will not be disturbed if supported by substantial evidence” (Matter of Cirrincione v Scissors Wizard, 145 AD3d 1325, 1326 [2016]; see Matter of Snyder v Cring, 140 AD3d 1554, 1554 [2016]). Here, the carrier submitted video surveillance footage showing claimant’s activities at sporting events involving an amateur football team that was organized by claimant’s wife and another individual. Claimant was videotaped walking around the concessions and merchandise areas, helping to move a popcorn machine on one occasion and assisting his disabled daughter take money at the secondary admission gate on another occasion. No other activities of interest were noted. Moreover, claimant’s wife testified that the team was a nonprofit organization and that the money collected through admission, merchandise and concessions was used to cover fixed expenses such as liability insurance and the field rental. She stated that the team relied on the efforts of volunteers and that claimant did not have specific duties, but was present at the games to support the team. Claimant also testified that he attended the games to support the team and did not work, although he acknowledged that he had assisted his disabled daughter collect money at the back gate. In view of the foregoing, the Board could reasonably conclude that claimant’s activities were minimal and not inconsistent with the representations that he made on the questionaires provided to the carrier (see Matter of Dacey v Sweeteners Plus, Inc., 129 AD3d 1405, 1406 [2015]; Matter of Lleshi v DAG Hammarskjold Tower, 123 AD3d 1386, 1387 [2014]). Accordingly, inasmuch as substantial evidence supports the Board’s finding that claimant did not violate Workers’ Compensation Law § 114-a, we will not disturb its decision.
 

 Garry, Rose, Devine and Clark, JJ., concur.
 

 Ordered that the decision is affirmed, without costs.
 

 *
 

 The Workers’ Compensation Board subsequently modified this decision and ruled that claimant sustained a permanent total industrial disability.