Matter of Calabrese v Fortini Inc. (2020 NY Slip Op 00203)





Matter of Calabrese v Fortini Inc.


2020 NY Slip Op 00203


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

529176

[*1]In the Matter of the Claim of Shaun M. Calabrese, Appellant,
v
Fortini Inc., Respondent, and State Insurance Fund, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: December 18, 2019

Before: Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.


Dolce Panepinto PC, Buffalo (Holly L. Schoenborn of counsel), for appellant.
Law Offices of Melissa A. Day, PLLC, Amherst (Henry B. Tilson of counsel), for State Insurance Fund, respondent.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed November 29, 2018, which ruled that claimant violated Workers' Compensation Law § 114-a and permanently disqualified him from receiving future wage replacement benefits.
In 2015, claimant suffered a work-related injury to his back and was awarded workers' compensation benefits. The employer thereafter raised the issue of labor market attachment. Following a hearing, the employer argued that claimant had violated Workers' Compensation Law § 114-a based upon alleged misrepresentations that he made regarding his search for employment. In an amended decision, a Workers' Compensation Law Judge found that claimant had provided false reports and testimony regarding his search for employment in violation of Workers' Compensation Law § 114-a (1) and imposed both the mandatory penalty and the discretionary penalty of disqualifying claimant from receiving future benefits for his claim. The Workers' Compensation Board affirmed, and claimant appeals.
We affirm. "Pursuant to Workers' Compensation Law § 114-a (1), a person may be disqualified from receiving workers' compensation benefits when he or she knowingly makes a false statement or representation as to a material fact for the purpose of obtaining such benefits" (Matter of Martinez v LeFrak City Mgt., 100 AD3d 1110, 1111 [2012] [internal quotation marks, brackets and citation omitted]; accord Matter of Cucinella v New York City Tr. Auth., 102 AD3d 1066, 1067 [2013], lv denied 21 NY3d 863 [2013]). "The Board is the sole arbiter of witness credibility and its determination that claimant violated Workers' Compensation Law § 114-a will be upheld if supported by substantial evidence" (Matter of Hammes v Sunrise Psychiatric Clinic, Inc., 66 AD3d 1252, 1252 [2009] [citations omitted]; accord Matter of Tangorre v Tech Home Elec., LLC, 124 AD3d 1183, 1184 [2015]). Further, "hearsay evidence is permissible as long as it is corroborated or found to be otherwise sufficiently reliable" (Matter of Pugliese v Remington Arms, 293 AD2d 897, 897-898 [2002] [internal citation omitted]).
Claimant reported and testified that he had filed numerous job applications either in person, by email or by a paper application provided by the prospective employers. An investigator hired by the employer contacted various employers to which claimant reported to have submitted an application. According to the investigator's report and testimony, in which he identified whom he spoke to and when, the prospective employers informed him that there was no application on file from claimant, the contact name listed by claimant did not work for the prospective employer, the position applied for did not exist and/or the prospective employer did not provide or accept applications in the form that claimant purportedly used in submitting the application. In our view, the investigator's report and testimony, although hearsay, was sufficiently reliable and provided substantial evidence supporting the Board's finding that claimant made false misrepresentations in order to obtain benefits (see Matter of Gardner v Nurzia Constr. Corp., 63 AD3d 1385, 1386 [2009]; compare Matter of Cruz v Buffalo Bd. of Educ., 138 AD3d 1316, 1318 [2016]). In light of the evidence that claimant filed false reports and gave false testimony regarding his job search, we will not disturb the Board's determination (see Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d 1273, 1275 [2016]; Matter of Petrillo v Comp USA, 131 AD3d 1282, 1283 [2015]). Claimant's remaining claims have been considered and found to be without merit.
Garry, P.J., Egan Jr., Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.