Matter of Roberts v Eastman Kodak Co. (2020 NY Slip Op 03708)





Matter of Roberts v Eastman Kodak Co.


2020 NY Slip Op 03708


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

529643

[*1]In the Matter of the Claim of Shirley Roberts, Claimant,
v
Eastman Kodak Company et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: June 9, 2020

Before: Lynch, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Hamberger & Weiss, LLP, Rochester (Kelly A. Ochs of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed January 29, 2019, which ruled, among other things, that claimant did not violate Workers' Compensation Law § 114-a.
In 1989, claimant, a building services worker, was injured while pulling bags of garbage from a dumpster. Her subsequent claim for workers' compensation benefits was established for a lumbosacral strain, and she was ultimately classified with a permanent partial disability and received continuing benefits. In November 2017, the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) requested a hearing to present evidence of claimant's violation of Workers' Compensation Law § 114-a. At an ensuing hearing on the allegation, the employer produced, among other evidence, video surveillance footage depicting claimant performing religious activity as a church pastor notwithstanding her prior representations that she was not engaged in any volunteer work. At the conclusion of the hearing, a Workers' Compensation Law Judge found insufficient evidence that claimant had violated Workers' Compensation Law § 114-a by making a material misrepresentation to obtain benefits and directed the employer to continue weekly payments. On administrative appeal, the Workers' Compensation Board affirmed, crediting claimant's testimony that she did not consider her church activity to constitute work or volunteer work and that said activity was more akin to spiritual worship than reportable volunteer work for purposes of workers' compensation benefits. The employer appeals.
We affirm. Workers' Compensation Law § 114-a (1) provides that a claimant who, for the purpose of obtaining workers' compensation benefits, or to influence any determination related to payment thereof, "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (see Matter of Calabrese v Fortini Inc., 179 AD3d 1279, 1280 [2020]; Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d 1266, 1267 [2019]). "For purposes of Workers' Compensation Law § 114-a (1), a fact is material 'so long as it is significant or essential to the issue or matter at hand'" (Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d at 1267, quoting Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]), and "an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Galeano v International Shoppes, 171 AD3d 1416, 1418 [2019]). "Significantly, the Board is the sole arbiter of witness credibility, and its determination as to whether a claimant violated Workers' Compensation Law § 114-a will not be disturbed if supported by substantial evidence" (Matter of Eardley v Unatego Cent. Sch. Dist., 153 AD3d 1460, 1460-1461 [2017] [internal quotation marks, brackets and citations omitted]; see Matter of Calabrese v Fortini Inc., 179 AD3d at 1280; Matter of Martinez v Kingston City Sch. Dist., 140 AD3d 1421, 1423 [2016]).
Here, the evidence submitted by the employer at the hearing included, among other things, questionnaires signed by claimant stating that she had not done any work or volunteer work during 2013, 2014, 2015 and 2016 and testimony from a field investigator stating that claimant had responded no when orally asked if she had been working or doing any volunteer work. The employer also submitted video surveillance footage showing claimant engaged in religious worship by singing, offering a sermon and leading prayer within a small intimate setting.
Consistent with the evidence submitted by the employer, claimant readily acknowledged her church activity in her testimony, explaining that, although she does not receive any income from her church, she, among other things, provides sermons, counsels a small number of parishioners, assists with weekly Bible study, performs baptisms and participates in prayer. Claimant also testified, however, that she did not consider her involvement at church, which she characterized as "spiritual advancement," to be work or volunteer work and that she did not think her religious activity had to be reported to the employer for purposes of workers' compensation benefits. After reviewing the documentary, video and testimonial evidence, the Board credited claimant's testimony and found that claimant had engaged in minimal activity for a small church community and that such activity was more akin to religious worship and the practice of her faith as an active member of her religious community. Inasmuch as the Board was empowered to, and did, credit claimant's testimony, the Board's finding that claimant did not make a misrepresentation of a material fact to obtain workers' compensation benefits is supported by substantial evidence and will not be disturbed (see Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d at 1267-1268; Matter of Eardley v Unatego Cent. Sch. Dist., 153 AD3d at 1461; compare Martinez v Kingston City Sch. Dist., 140 AD3d at 1423-1424; Matter of Moreland v Reed Blacktopping, 115 AD3d 1134, 1134 [2014]).
Lynch, J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.