Matter of Haner v Niagara County Sheriff's Dept. (2020 NY Slip Op 06832)





Matter of Haner v Niagara County Sheriff's Dept.


2020 NY Slip Op 06832


Decided on November 19, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

531085

[*1]In the Matter of the Claim of Traci Haner, Respondent,
v
Niagara County Sheriff's Dept. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: October 13, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Law Offices of Melissa A. Day, PLLC, Amherst (James B. Cousins of counsel), for appellants.
Lewis & Lewis, PC, Buffalo (Daniel P. Kuhn of counsel), for Traci Haner, respondent.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed August 12, 2019, which ruled, among other things, that claimant complied with 12 NYCRR 300.13 (b) and reviewed a decision by the Workers' Compensation Law Judge.
Claimant, a correction officer, has an established workers' compensation claim for right plantar fasciitis and a right ankle sprain. The Workers' Compensation Board ultimately found, among other things, that there was insufficient medical evidence to conclude that claimant had a further causally-related disability after May 21, 2018 and rescinded all prior tentative indemnity awards made after that date. After the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) raised the issue of fraud under Workers' Compensation Law § 114-a, a Workers' Compensation Law Judge (hereinafter WCLJ) precluded claimant from testifying on the alleged violation of Workers' Compensation Law § 114-a based upon her nonappearance at a scheduled hearing on that issue. The WCLJ also directed the employer to produce its surveillance videos of claimant taken on 14 different days between May 17, 2018 and September 19, 2018 showing claimant performing activities of daily living with and without a CAM (controlled ankle motion/movement) walker boot. Following the employer's submission of its evidence in support of its allegation that claimant violated Workers' Compensation Law § 114-a, and an April 2019 hearing on the issue of the alleged fraud, the WCLJ found that claimant violated Workers' Compensation Law § 114-a by misrepresenting her condition to procure a medical report from her treating physician — stating that she was totally disabled after that physician previously testified that she was only mildly disabled — and imposed mandatory and discretionary penalties.
On May 22, 2019, claimant filed an application for Board review (form RB-89) challenging the WCLJ's finding that claimant violated Workers' Compensation Law § 114-a and the imposition of penalties. In its rebuttal (form RB-89.1), the employer requested denial of claimant's application for Board review, contending, among other things, that the application was untimely mailed to, and not properly served upon, the employer, that claimant's counsel did not state a proper exception on the record following the WCLJ's finding of fraud and that claimant's application failed to list all necessary documents in support of her administrative appeal, as required by question number 13 on form RB-89, rendering claimant's application for Board review incomplete and, therefore, defective. In an August 2019 Board panel decision, the Board rejected the employer's procedural claims, finding, among other things, timely and proper service of claimant's application for Board review, that claimant's counsel noted a specific objection or exception at the hearing to the WCLJ's finding of fraud and that the Board would exercise its discretion to grant review of that application based upon claimant's substantial completion of question number 13 on that form. The Board then reversed the decision of the WCLJ, finding insufficient evidence that claimant had violated Workers' Compensation Law § 114-a. The employer appeals.
Initially, the employer principally argues that claimant's response to question number 13 was not complete and that the Board therefore lacked the authority and discretion to review claimant's application for Board review under 12 NYCRR 300.13 (b). We disagree. The Board has the "authority to adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law," and the Chair of the Board may "make reasonable regulations consistent with the provisions of the statutory framework" (Matter of Cotter v Town of W. Seneca, 180 AD3d 1122, 1123 [2020] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 117 [1]; Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574 [2018]). To this end, the Board's regulations provide that "an application to the Board for administrative review of a [WCLJ's] decision . . . shall be in the format as prescribed by the Chair," and such application "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Simon v Mehadrin Prime, 184 AD3d 927, 928 [2020]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]; Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019], lv denied 34 NY3d 906 [2019]). Where a party who is represented by counsel fails to comply with the Board's formatting, completion and service submission requirements, the Board may exercise its discretion to deny an application for Board review (see 12 NYCRR 300.13 [b] [4]; Matter of Wanamaker v Staten Is. Zoological Socy., 184 AD3d 925, 927 [2020]; Matter of Randell v Christie's Inc., 183 AD3d 1057, 1060 [2020]; Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020], lv denied 35 NY3d 909 [2020]).
Although the employer is correct that the Board's regulations require an applicant seeking Board review to fill out the RB-89 form completely and in the proper format (see 12 NYCRR 300.13 [b] [1]), the Board's regulations do not mandate denial of an incomplete application for Board review. Rather, the regulations provide that such an "application for review may be denied" by the Board, in its discretion, where the application "does not comply with prescribed formatting, completion and service submission requirements" (12 NYCRR 300.13 [b] [4] [i] [emphasis added]; see Matter of Waufle v Chittenden, 167 AD3d 1135, 1136-1137 [2018]). Upon reviewing claimant's response to question number 13 on her application for Board review, which listed numerous documents in support of her administrative appeal, we find that the Board acted within its discretion in granting review of claimant's application. We likewise find that the Board acted within its discretion to excuse any alleged defects relating to the timeliness and proper service of claimant's application for Board review (see 12 NYCRR 300.13 [b] [4] [i]).
Turning to the merits, Workers' Compensation Law § 114-a (1) provides that a claimant who, for the purpose of obtaining workers' compensation benefits, or to influence any determination related to payment thereof, "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (see Matter of Calabrese v Fortini Inc., 179 AD3d 1279, 1280 [2020]; Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d 1266, 1267 [2019]). "For purposes of Workers' Compensation Law § 114-a (1), a fact is material 'so long as it is significant or essential to the issue or matter at hand'" (Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d at 1267, quoting Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]), and "an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Galeano v International Shoppes, 171 AD3d 1416, 1418 [2019] [internal quotation marks and citation omitted]). "Significantly, the Board is the sole arbiter of witness credibility, and its determination as to whether a claimant violated Workers' Compensation Law § 114-a will not be disturbed if supported by substantial evidence" (Matter of Eardley v Unatego Cent. Sch. Dist., 153 AD3d 1460, 1460-1461 [2017] [internal quotation marks, brackets and citations omitted]; see Matter of Calabrese v Fortini Inc., 179 AD3d at 1280; Matter of Martinez v Kingston City Sch. Dist., 140 AD3d 1421, 1423 [2016]).
The record reflects that, on May 21, 2018, Frank Schlehr, claimant's treating physician, took claimant out of work based upon his finding that she was 100% temporarily disabled and instructed claimant to wear a CAM walking boot. On a physical capacities assessment form signed by Schlehr on September 6, 2018, Schlehr indicated that claimant was "100% disabled" but released claimant to return to work on September 14, 2018. As noted by the Board, the employer's surveillance video of claimant taken on 14 days between May 17, 2018 and September 19, 2018 shows claimant walking with and without the CAM walking boot, thus indicating less than a 100% total impairment or disability. Schlehr acknowledged in his August 30, 2018 deposition testimony that claimant could perform sedentary work and that claimant was therefore not totally disabled and further opined that a mild degree of disability would be more appropriate for claimant from May 2018 up to the time of his testimony. Schlehr explained, however, that he typically keeps his patients out of work when they, like claimant, need an immediate test because "it's easier and more expeditious," after which he will "reassess the[ir] work status." Schlehr also stated that he did not want to release claimant to work because he did not think, given her condition, that she could perform the duties of a correction officer. Inasmuch as claimant relied upon Schlehr's treatment and advice to stay out of work from May 2018 to September 2018, and the record before us contains no apparent "false statement or representation" made by claimant to obtain indemnity benefits (Workers' Compensation Law § 114-a), the Board's finding that claimant did not make a misrepresentation of a material fact to obtain workers' compensation benefits is supported by substantial evidence and will not be disturbed (see Matter of Roberts v Eastman Kodak Co., 185 AD3d 1124, 1126 [2020]; Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d at 1268; Matter of Eardley v Unatego Cent. Sch. Dist., 153 AD3d at 1461).
Finally, to the extent that we have not specifically addressed the employer's remaining contentions, including that claimant's counsel failed to interpose an adequate objection or exception on the record to the WCLJ's ruling on the issue of fraud (see 12 NYCRR 300.13 [b] [4] [v]), we have considered those contentions and found them to be lacking in merit.
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.