Matter of Ordaz v Jerrick Assoc. Inc. (2021 NY Slip Op 03356)





Matter of Ordaz v Jerrick Assoc. Inc.


2021 NY Slip Op 03356


Decided on May 27, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 27, 2021

531929
[*1]In the Matter of the Claim of Miguel Ordaz, Appellant,
v
Jerrick Associates Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 22, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

The Weinstein Law Group, PLLC, New York City (Rudolf B. Radna of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, Albany (Katherine Mason-Horowitz of counsel), for Jerrick Associates Inc. and another, respondents.



Egan Jr., J.
Appeal from a decision of the Workers' Compensation Board, filed February 14, 2020, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future indemnity benefits.
In May 2018, claimant, a construction worker, fell at work and his claim for workers' compensation benefits was established for injuries to his head, neck, back, right shoulder/arm, right wrist, right knee and right eye, as well as for brain trauma, consequential depression and pain disorder. In July 2019, the employer's workers' compensation carrier raised the issue of claimant's violation of Workers' Compensation Law § 114-a. At the subsequent hearing, testimony was taken of claimant and the carrier's investigator, and surveillance videos taken of claimant were submitted into evidence. At the conclusion of the hearing, the Workers' Compensation Law Judge found that claimant had violated Workers' Compensation Law § 114-a and imposed the mandatory forfeiture penalty and further disqualified him from receiving future indemnity benefit payments. On administrative appeal, the Workers' Compensation Board affirmed, and claimant appeals.
We affirm. To the extent that claimant argues that he did not violate Workers' Compensation Law § 114-a (1), the statute provides that a claimant who "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." For purposes of Workers' Compensation Law § 114-a, "a fact is material . . . so long as it is significant or essential to the issue or matter at hand" (Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003] [internal quotation marks and citation omitted]; see Matter of Felicello v Marlboro Cent. Sch. Dist., 178 AD3d 1252, 1253 [2019]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d 1240, 1241 [2019] [internal quotation marks and citations omitted]; see Matter of Haner v Niagara County Sheriff's Dept., 188 AD3d 1432, 1435 [2020]; Matter of Horn v New York City Tr. Auth., 187 AD3d 1266, 1268 [2020], lv denied 36 NY3d 903 [2020]).
Claimant testified that he had not worked since the May 2018 accident and that he was unable to work due to back pain and headaches. He further testified that he could only stand for 15 or 20 minutes at a time before having to sit down, could only lift items weighing up to five pounds and could not do any yard work. The surveillance videos taken from March 27, 2019 to July 3, 2019, however, depict claimant selling candy and ice cream to pedestrians and school children on the street outside a school on numerous occasions. During those occasions, claimant is shown carrying and setting up a [*2]folding table and umbrella, loading and unloading supplies from the trunk of his car and standing for hours at a time. On another occasion, claimant was videotaped raking his yard. Given the patent inconsistencies between the surveillance evidence and claimant's testimony, substantial evidence supports the Board's finding that claimant violated Workers' Compensation Law § 114-a by making material misrepresentations as to whether he had worked since the May 2018 accident (see Matter of Martinez v Kingston City Sch. Dist., 140 AD3d 1421, 1423 [2016]; Matter of Woods v New York State Thruway Auth., 27 AD3d 933, 933 [2006], lv denied 7 NY3d 716 [2006]) and regarding his degree of disability (see Matter of Ledney v Boat-N-RV Warehouse, 174 AD3d 1245, 1246 [2019]; Matter of Hodzic v TTSI, Inc., 117 AD3d 1379, 1380 [2014]).
We reject claimant's contention that the Board's imposition of the discretionary penalty of permanent disqualification from future indemnity benefit payments was disproportionate to his offense. In imposing the penalty, the Board cited to the "egregious nature" of claimant's "willful and blatant" misrepresentations regarding his work activities and physical condition. In light of the foregoing, we conclude that the Board sufficiently explained its rationale and that the imposition of the penalty was not disproportionate to his misrepresentations (see Matter of Losurdo v Asbestos Free, 1 NY3d at 267; Matter of Poupore v Clinton County Hwy. Dept., 138 AD3d 1321, 1324 [2016]).
Garry, P.J., Lynch and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.