Matter of Reyes v H & L Iron Works Corp. (2022 NY Slip Op 01861)





Matter of Reyes v H & L Iron Works Corp.


2022 NY Slip Op 01861


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

533112
[*1]In the Matter of the Claim of Leonel Reyes, Appellant,
v
H & L Iron Works Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 9, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and Fisher, JJ.

Ginarte Gallardo Gonzalez & Winograd, LLP, New York City (Timothy Norton of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano LLP, Garden City Park (Brian M. Anson of counsel), for H & L Iron Works Corp. and another, respondents.



Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed September 29, 2020, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and permanently disqualified him from receiving future indemnity benefits.
In 2016, claimant sustained multiple work-related injuries while working in construction for the employer, and a claim for workers' compensation benefits was established. The employer and its workers' compensation carrier thereafter raised the issue of whether claimant had violated Workers' Compensation Law § 114-a based upon his failure to fully disclose his private business activities that he performed following his accident and while collecting indemnity benefits. Following multiple hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had violated the statute. In addition to imposing the mandatory penalty, the WCLJ imposed a discretionary penalty that permanently disqualified claimant from receiving any future indemnity benefits. The Workers' Compensation Board adopted the WCLJ's findings and affirmed the decision. Claimant appeals.
We affirm. Workers' Compensation Law § 114-a (1) provides that where a claimant, for the purpose of obtaining benefits, "knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation." In this regard, "[a] fact is considered material when it is significant or essential to the issue or matter at hand" (Matter of Teabout v Albany County Sheriff's Dept., 182 AD3d 709, 709 [2020]; see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]). A determination as to whether a claimant has violated Workers' Compensation Law §
114-a "is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Ledney v Boat-N-RV Warehouse, 174 AD3d 1245, 1246 [2019] [internal quotation marks and citations omitted]; see Matter of Calabrese v Fortini Inc., 179 AD3d 1279, 1280 [2020]).
Claimant testified that, since his accident, he continued to work as a disc jockey on at least five separate occasions, but denied that his work required him to do any lifting. Surveillance videos from the relevant time period, however, depict claimant on numerous occasions lifting what appear to be large, heavy equipment without any device to assist his movements. Moreover, the deposition testimonies of four physicians who examined claimant — either as part of his treatment or when conducting independent medical examinations — consistently indicate claimant's failure to disclose his disc jockey work; in fact, claimant admitted to his failure in this regard in his testimony. Three of these physicians further testified that information about an individual's ability to lift heavy items was relevant to determining the [*2]extent and/or cause of his or her disability. Notably, one physician testified that claimant appeared to exhibit evidence of symptom magnification during an examination. The record thus confirms the Board's findings that, although claimant disclosed some of his work as a disc jockey to the Board during multiple hearings, he mispresented the physical nature of this work and failed to disclose critical information in this regard to multiple examining physicians. Based upon the foregoing, we find that substantial evidence supports the Board's determination that claimant violated Workers' Compensation Law § 114-a and, thus, it will not be disturbed (see Matter of Ortiz v Calvin Maintenance, 199 AD3d 1211, 1212-1213 [2021]; Matter of Ordaz v Jerrick Assoc. Inc., 194 AD3d 1331, 1333 [2021]; Matter of Teabout v Albany County Sheriff's Dept., 182 AD3d at 710).
We are unpersuaded by claimant's contention that the Board's discretionary penalty was not warranted. In imposing the penalty, the Board cited to claimant's "multiple misrepresentations" to the Board, the carrier and his own treating physicians, describing these as "sufficiently egregious" to warrant the permanent forfeiture of indemnity benefits. The Board thus explained its rationale and, in view of the record, we find that the penalty imposed was not disproportionate to claimant's misrepresentations (see Matter of Ordaz v Jerrick Assoc. Inc., 194 AD3d at 1333; Matter of Peck v Donaldson Org., 191 AD3d 1078, 1081 [2021]).
Lynch, J.P., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.