Matter of Harmon v Faxton Sunset St. Luke's Health Care Ctr. Inc. (2025 NY Slip Op 05557)

Matter of Harmon v Faxton Sunset St. Luke's Health Care Ctr. Inc.

2025 NY Slip Op 05557

Decided on October 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 9, 2025

CV-24-0786
[*1]In the Matter of the Claim of Ewelina Harmon, Respondent,
v
Faxton Sunset St. Luke's Health Care Center Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 8, 2025

Before:Clark, J.P., Aarons, Lynch, Ceresia and Fisher, JJ.

The Law Offices of Melissa A. Day, PLLC, Amherst (Brian K. Prince of counsel), for appellants.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.
Harding Mazzotti LLP, Albany (Crystle A. Watts of counsel), for Ewelina Harmon, respondent.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed March 27, 2024, finding, among other things, that claimant did not violate Workers' Compensation Law § 114-a.
In October 2021, claimant, a registered nurse, was punched in the face in two separate incidents by a patient at the facility where she worked, resulting in a concussion, fractured nose and neurological symptoms, including, among other things, nausea, frequent headaches and dizziness. Claimant's workers' compensation claim was established for various injuries, and she was awarded benefits at a temporary total disability rate. Thereafter, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) raised an issue of fraud in violation of Workers' Compensation Law § 114-a, asserting that video surveillance established that claimant misrepresented her physical condition and capabilities, particularly regarding her reported need to wear sunglasses or a sun visor to prevent headaches and her reported limitations on walking, bending, squatting and/or driving. At the conclusion of the ensuing hearing, the Workers' Compensation Law Judge, in a decision filed June 2, 2023, found insufficient evidence establishing a Workers' Compensation Law § 114-a violation. On administrative appeal, the Workers' Compensation Board, among other things, affirmed the finding that there was insufficient evidence to establish a fraud violation. The carrier appeals.
We affirm. Workers' Compensation Law § 114-a provides, in relevant part, that a claimant who knowingly makes a false statement or representation as to a material fact for the purpose of obtaining workers' compensation benefits or influencing any determination relative thereto shall be disqualified from receiving any compensation directly attributable to such false statement or representation (see Matter of Augone v Shop Supermarket Co. LLC, 236 AD3d 1283, 1284 [3d Dept 2025]; Matter of Linane v Gristede's Food Inc., 231 AD3d 1219, 1219 [3d Dept 2024]; Matter of Ordaz v Jerrick Assoc. Inc., 194 AD3d 1331, 1332 [3d Dept 2021]). For purposes of Workers' Compensation Law § 114-a, "a fact will be deemed material so long as it is significant or essential to the issue or matter at hand, and an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Augone v Stop & Shop Supermarket Co. LLC, 236 AD3d at 1284 [internal quotation marks, brackets and citations omitted]; see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]). "Whether a claimant has violated the statute lies within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Alzate v Quality Bldg. Servs. Corp., 238 AD3d 1437, 1438-1439 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Bennett v J-Track LLC, 182 AD3d 967, 969 [3d Dept 2020]).
In determining [*2]that claimant did not violate Workers' Compensation Law § 114-a, the Board reviewed the surveillance videos, which depicted some of claimant's activities for three days in December 2021 and two days in January 2022. As noted by the Board, the videos captured short time periods when claimant sat outside her house smoking cigarettes, picked up her yard and went to, among other places, the grocery store. As for being outside, claimant reported to her medical provider and during her independent medical examination (hereinafter IME) that she wears sunglasses and sun visors whenever possible as bright light triggers her headaches. Although the videos captured claimant wearing sunglasses only on the day that she went to an IME appointment, the Board noted that day was particularly sunny, and the videos reflect that the weather on the remainder of the days was overcast and/or claimant remained in the shade. Claimant also was observed for short periods of time on the videos squatting and bending in her front yard and walking around in various stores. The Board credited claimant's testimony that her symptoms waxed and waned, and that on good days she attempted to do as much as she could — which is consistent with her treating providers' medical advice to slowly increase her physical activities and pace herself. Furthermore, claimant's medical records and IME reports reflect that claimant informed her treating medical provider as well as the carrier's medical consultant about improvements and/or setbacks of her symptoms, including the frequency of her headaches and improved mobility, at each of her examinations.
As for driving, although claimant was medically advised not to drive on the initial visit, she was captured on video early in 2022 driving. Claimant acknowledged during her testimony that she initially drove "once in a while" when she felt well, and the Board credited her testimony that she stopped driving in early 2022 after she hit her house with the car because she could not see very well. In addition, claimant's treating medical provider testified that inquiries regarding claimant's driving activities were not specifically asked at each medical visit. Upon our review of claimant's medical and IME records and the surveillance videos, and deferring to the Board's assessment of claimant's credibility, the Board's decision that there was insufficient proof demonstrating a Workers' Compensation Law § 114-a violation is supported by substantial evidence and will not be disturbed (see Matter of Augone v Stop & Shop Supermarket Co. LLC, 236 AD3d at 1284; Matter of Linane v Gristede's Food Inc., 231 AD3d at 1222).
Clark, J.P., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.